The opinion of the court was delivered by
Duncan, J.
This question arises on the will of Christopher Amelong, who devises, I give unto my son, John Daniel, my plantation, to have and to hold for ever; and, if iny sou John Daniel dies without heirs, the plantation is to fall back to my son John Jacob, in the same manner and form as it was made over unto his brother, John Daniel.”
John Jacob died unmarried, and without issue, in the lifetime of his brother John Daniel, who is likewise deceased, without issue. The plaintiffs are heirs, under our intestate aets, of Christopher Jlmelong, the testator. The plantation was sold by the sheriff as the estate of John Daniel. The Court of Common Pleas was of opinion, that John Daniel took an estate in fee by way of executory devise, subject to be divested by his death in the lifetime of his brother, John Jacob; and that, as that event did not happen, the estate in fee continued in him.
I am not able to find any intention expressed in the will, to confine the devise over to John Jacob, to the death of John Daniel without heirs in the lifetime of his brother John Jacob. It is indefinite failure of heirs, which, in this will, means heirs of the body; and, consequently, was an estate tail in John Daniel; for it is impossible tiit&John Daniel could die without heirs, whilst any of his brothers or sisters were living. The testator, by heirs, could only mean heirs of the body. By tne first words, John Daniel took an estate in fee, in express words, to hold to him for ever; and, where the remainder over is after dying without heirs, limited to one who is, or may be, heir to the first devisee, this has always been determined to be an estate tail.
Now, John Jacob would not only be heir of the first devisee, but heir of the testator himself. If the devise over had been to one who could not, by any possibility, be the heir of the first devisee, then the subsequent limitation over would not alter the pre *326 ceding positive devise in fee, and the court would not restrain the general import of the word heir. This was clearly an estate tail in John Daniel. I refer to 2 Fearne’s Contingent Remainders, 350.
The reversion in the fee would be in the father, and always continue in him; the estate tail, being a particular estate, carved out of the testator’s general estate. The reversionary interest was undisposed of by the will, and descended to the heirs immediately on the death of the testator, but would not come into possession until the determination of the estate tail; the interest of John, whatever it was, was the subject of a judgment which would bind it, and was subject to execution and to sale.
The judgment against John Daniel would bind his interest in the reversionary estate of the father, and vest in the purchaser his portion of that reversionary estate; consequently, if the plaintiffs were the only survivors of the testator’s family, and his heirs at law, they would be entitled to one-half, and the other half be vested in the purchaser of John Daniel’s interest at the sheriff’s sale. Judgment would then be entered for the plaintiffs for that part of the estate which by our intestate law they would be entitled to, as the grandchildren of the testator. But, from the case stated, it does not precisely appear what that interest would be, nor, consequently, what would be the interest which the purchaser would take in right of John Daniel, of the reversionary interest of his father, the testator.
The judgment is reversed, and a venire facias de novo awarded, on account of the defect stated in the case in nature of a special verdict, as the court cannot render judgment for the plaintiffs generally for the whole, because it appears that the defendant would be entitled to John Daniel’s purpart, and it does not appear what other heirs of the testator there are. The cause is remanded, to have these facts found; but the parties in interest may, without further trouble or expense, settle the distribution among themselves: the opinion of the court being, that the heirs of the testator had the reversionary interest by descent, among whom John Daniel is included, whose share became vested in the purchaser at sheriff’s sale.
Judgment reversed, and a venire facias de novo awarded.